01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,            )    No. 05-508M
                                     )
                  Plaintiff,         )
                                     )
        v.                           )    ORDER DENYING SECOND
                                     )    STIPULATED MOTION
                                     )    TO EXTEND TIME TO
DONALD HOFF,                         )    FILE INDICTMENT
                                     )
                  Defendant.         )
_____)

On December 14, 2005, the parties to the above-captioned matter filed a Second

Stipulated Motion to Extend Time to File Indictment.  Dkt. No. 14.  The motion argued that

granting a continuance would satisfy the "ends of justice" by providing the parties additional

time to review discovery and to complete plea negotiations.  In addition, counsel cited

vacation plans and a January trial in support of the motion.

Congress" did not intend the 'ends of justice' exclusion to be granted as a matter of

course but rather [intended it] to be used sparingly and only when necessary."  *United States

v. Lewis*, 980 F.2d 555, 560 (9th Cir. 1992) (internal citations omitted).  Hence, an "ends of

justice" exclusion may be granted only for a specific duration when "justified by the record

with reference to the facts."  *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1154 (9th Cir.

ORDER DENYING STIPULATED
MOTION TO EXTEND TIME
PAGE -1

2000) (internal citations and punctuation omitted).  Generalized assertions that the "ends of justice" will be satisfied by the granting of a continuance are insufficient.  *Id.* at 1154-55. Moreover, an ongoing plea agreement negotiation is not a factor sufficient for this Court to find that granting a continuance will satisfy the "ends of justice."  *Id.* at 1155-56 (citing *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983)).

Here, the parties have not provided any facts sufficient to justify granting a continuance.  The stipulated motion references only a need to review discovery, without providing any indication of the amount of discovery or complexity thereof.  Moreover, the waiver of speedy indictment, while signed by Mr. Hoff, is on a pleading entitled *United States of America v. Juan Guevara-Vielma*, CR05-419-RSL, and refers to Mr. Guevara-Vielma as the person receiving advice about his rights to a speedy indictment.  This causes the Court concern about whether there has been an effective waiver by the defendant.

The Court acknowledges counsel's vacation plans.  However, the present stipulated motion does not satisfy the "ends of justice" exclusion.  It appears to be a boilerplate motion.

The motion is DENIED, without prejudice to the parties filing an appropriately supported motion if they wish to do so.

DATED this 15th day of December, 2005.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING STIPULATED
MOTION TO EXTEND TIME
PAGE -2